UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, Plaintiff, | § § § § | |
| v. | § | CIVIL ACTION NO. H-09-1032 |
| C.R.E.S. MANAGEMENT, L.L.C., Defendant. | § § § § | |

## **ORDER**

This case is before the Court on Defendant/Counter Claimant C.R.E.S. Management, L.L.C.'s ("CRES")  Opposed Motion to Strike Philadelphia Indemnity Insurance Company's Response to CRES's First Amended Counterclaims [Doc. # 27] ("Motion to Strike"), and Opposed Motion to Compel Philadelphia Indemnity Insurance Company's Compliance with Docket Control/Scheduling Order [Doc. # 34] ("Motion to Compel").[1]

## **I.  MOTION TO STRIKE**

CRES seeks to strike Plaintiff/Counter Defendant Philadelphia Indemnity Insurance Company's ("Philadelphia") Response to CRES' First Amended Counterclaims [Doc. # 25] ("Response").  CRES argues that because Philadelphia

---

[1]  The Court will issue a separate order on CRES's Motion for Partial Summary Judgment [Doc. # 24].

raised affirmative defenses and policy exclusions in the Response that Philadelphia did not raise in its response to CRES's Original Counterclaims, the Response should be considered untimely and otherwise improperly filed. The Court's Docket Control Order [Doc. # 16] sets a deadline of September 30, 2009 for amended pleadings, and provides that answers to amended claims and counterclaims are due 20 days after amended claims or counterclaims are filed. Philadelphia's Response was filed on October 20, 2009. Accordingly, Philadelphia's Response was timely filed.

To the extent the Response adds new affirmative defenses to the counterclaims or other new theories, Rule 15 of the Federal Rule Civil Procedure governs. Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607-08 (5th Cir. 1998). The Fifth Circuit has concluded that Rule 15(a) "evinces a bias in favor of granting leave to amend." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (citations omitted).

This case is not set for Docket Call until January 2011. Trial will be held thereafter, and the case is in its early stages. The amendments in the Response are timely under Rule 15 as well as the Court's Docket Control Order. The Court declines to strike Philadelphia's pleading. *See, e.g.*, *FDIC v. Niblo*, 821 F. Supp. 441, 449

(N.D. Tex 1993) (the decision of whether to grant a motion to strike lies in the sound discretion of the trial court).  Accordingly, CRES's Motion to Strike is **DENIED.**

## II.     MOTION TO COMPEL

The Court will hold a conference on CRES's Motion to Compel on **December 2, 2009**, at **1:30 p.m.**  Prior to the conference, the parties are directed to confer further in an attempt to resolve or narrow their dispute.  Both parties shall file electronically (and deliver a courtesy copy to chambers) a letter at least one (1) business day before the conference setting forth the status of the information sought by movant in the Motion to Compel and non-movant's positions on open matters.

The parties are directed to notify the Court's Case Manager Shelia Ashabranner by telephone (713-250-5407) and email (shelia_ashabranner@txs.uscourts.gov) as soon as possible if the conference becomes unnecessary.

## III.    CONCLUSION

For the forgoing reasons, it is

**ORDERED** that CRES' Motion to Strike [Doc. # 27] is **DENIED.**  It is further

**ORDERED** that the Court **SETS A CONFERENCE** on CRES's Motion to Compel [Doc. # 34] for  **December 2, 2009,** at **1:30 p.m.**

SIGNED at Houston, Texas, this **20th** day of **November, 2009**.

_____
Nancy F. Atlas
United States District Judge